IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **PATMAN DRILLING INTERNATIONAL,** | § | |
| **INC.** f/k/a PATMAN BROTHERS DRILLING, | § | |
| LP f/k/a MPPP ACQUISITIONS, | § | |
| | § | |
| Debtor. | § | |
| | § | |
| **JAMES C. ROLLINGS,** d/b/a **JAKE'S** | § | Civil Action No. **3:09-CV-1242-L** |
| **EQUIPMENT AND REPAIR**, | § | (Case No. 07-34622-SGJ11) |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | |
| | § | |
| **JEFFREY H. MIMS,** Trustee, **et al**, | § | |
| | § | |
| Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

On July 1, 2009, the bankruptcy appeal filed by James C. Rollings d/b/a Jake's Equipment and Repair was transmitted to this court and Appellant filed a motion to extend briefing deadline on July 31, 2009. The court granted the motion on August 6, 2009, and extended Appellant's briefing deadline to August 27, 2009.

Local Bankruptcy Rule 8009.1 requires that Appellant file a brief within twenty-one days after entry of the appeal on the docket of the district court pursuant to Rule 8007 of the Federal Rules of Bankruptcy Procedure. That twenty-one day period was extended by the court and concluded on August 27, 2009. To date, no brief has been filed by Appellant, nor has he sought an extension of that deadline or leave to file his brief out of time.

The Fifth Circuit Court of Appeals has held:

> In reviewing actions taken by a district court in its appellate role, we affirm unless the court has clearly abused its discretion. Bankruptcy appeals have frequently been dismissed for the appellant's failure to comply with the duty of diligent prosecution, and we have dismissed civil appeals for failure of prosecution when the appellant's brief was not timely filed.

*In re Braniff Airways, Inc.*, 774 F.2d 1303, 1305 (5th Cir. 1985) (footnotes omitted); *see also In re McKenzie*, 213 F.3d 639, 2000 WL 554944, *1 (5th Cir. 2000). Appellant has failed to comply with the required procedural rules, and the court determines that he has not been diligent in prosecuting this appeal. It is not incumbent upon the court to ensure that the parties before it follow the relevant procedural rules. Accordingly, the court **dismisses** this appeal **without prejudice** for want of prosecution.

**It is so ordered** this 25th day of February, 2010.

Sam A. Lindsay
United States District Judge